IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARIBBEAN SOLAR ENERGY LLC<br><br>**Plaintiff**<br><br>v.<br><br>EVOLUTION CARIBBEAEN LOGISTICS LLC; PHREIGHTLGX LLC; JOHN DOE; JANE DOE; INSURANCE COMPANIES ABC; CORPORATIONS XYZ<br><br>**Defendants** | **Civil No.** |

## NOTICE OF REMOVAL

**TO THE HONORABLE COURT:**

**PLEASE TAKE NOTICE** that defendants Evolution Caribbean Logistics LLC ("Evolution") and PhreightLGX LLC ("Phreight"), file this Notice of Removal pursuant to 28 U.S.C. §§ 1441(a) and 1446 and, without submitting to the jurisdiction or venue of this Court or waiving any other applicable defenses or objections[1], hereby remove to this Court the above-entitled

---

[1] "A party who removes an action from a state to a federal court does not thereby waive any of his or her Federal Rule 12(b) defenses or objections." Wright, Miller, Kane et al., 5C FED. PRAC. & PROC. CIV. § 1395 (3d ed.)(Supp. 2013); Lambert v. Kysar, 983 F.2d 1110 (1st Cir. 1993) (right to object to venue not waived by removal petition or by assertion in removal petition that venue was proper); Nationwide Eng'g & Control Sys., Inc. v. Thomas, 837 F.2d 345, 347-48 (8th Cir. 1988) ("Removal, in itself, does not constitute a waiver of any right to object to lack of personal

action from the Commonwealth of Puerto Rico Court of First Instance, San Juan Part, and all claims and causes of actions asserted therein.

## I. STATEMENT OF THE GROUNDS FOR REOVAL

The basis of this removal is that the Plaintiff's cause of action for breach of a contract of carriage of goods arises under the Harter Act, 46 U.S.C. §§ 30701 et seq., and that this Court thus has original jurisdiction pursuant to 28 U.S.C. § 1337 and that removal is proper under 28 U.S.C. § 1441. See <u>Modern Office Sys., Inc. v. Aim Caribbean Express, Inc.</u>, 802 F. Supp. 617 (D.P.R. 1992)("The Harter Act is in fact an Act of Congress regulating commerce within the meaning of 28 U.S.C. § 1337"); <u>Uncle Ben's Int'l Div. of Uncle Ben's, Inc. v. Hapag-Lloyd Aktiengesellschaft</u>, 855 F.2d 215 (5th Cir. 1988) (Harter Act is federal legislation governing a shipper's custody of property. Hence, the action may be brought originally in federal court and removal was proper); <u>Puerto Rico v. Sea-Land Serv., Inc.</u>, 349 F. Supp. 964, 969 (D.P.R. 1970)(Motion to remand denied because Harter Act is the statute

---

jurisdiction, … but after removal, the federal court takes up the case where the state court left off. … Upon removal, a defendant may assert any defense that would have been available to him in state court and which has not been lost through the operation of either Fed.R.Civ.P. 12(g) or 12(h) (*citing* <u>Granny Goose Foods, Inc. v. Brotherhood of Teamsters</u>, 415 U.S. 423, 436 (1974)); <u>see also Fed.R.Civ.P. 4(d)(5), 81(c) & 28 U.S.C. § 1441(e)(6)</u>. MLA is the local agent of Maersk Line, the principal at all relevant times disclosed to the Plaintiff, and is not liable for the damages allegedly caused to Plaintiff's cargo.

controlling the transportation between United States and Puerto Rico, *ex proprio vigore* is applicable since it is the corresponding Act of Congress regulating domestic or interstate shipments by water.).

## II. PROCEDURAL BACKGROUND

On May 3, 2023, an action was commenced against Evolution and Phreight in the Puerto Rico Court of First Instance, San Juan Part, styled <u>Caribbean Solar Energy LLC v. Evolution Caribbean Logistics LLC et al.</u>, Civil No. SJ2023cv04000. Both parties were served with process on May 16, 2023.

A copy of the Complaint and Summons are attached hereto in the Spanish language as **Exhibits 1, 2 and 3** respectively. Also attached, as **Exhibits 4, 5 and 6** are certified translation of said documents.

## III. GROUNDS FOR REMOVAL

In Support of this Notice of Removal, Evolution and Phreight submit that the pleadings in the Complaint clearly state a claim for breach of contract of carriage of goods that falls within the purview of the Harter Act, which is an act of Congress regulating commerce: the transportation of goods from the mainland United States to Puerto Rico. According to the Complaint:

1. Plaintiff engaged the service of Evolution for the

3

transportation of a shipment of solar panels from Fresno, California, to San Juan, Puerto Rico. See **Exhibit 4** ¶8, 14, 17.

2. Evolution subcontracted Phreight who in turn subcontracted Globaltranz Corporation (GTZ) / Primetime Global Logistics (hereinafter "Globaltranz") to pick up the merchandise at the solar panel supplier's warehouse in Fresno, California, and transport it to warehouse in Jacksonville, Florida, from where it would sail by sea to the port of San Juan, Puerto Rico. See **Exhibit 4** ¶9, 18.

3. Plaintiff alleges that the merchandise stolen is valued at $375,936.00 and demands judgment against Evolution and Freight in that amount. See **Exhibit 4** ¶34, 37.

4. Plaintiff alleges its cause of cation is for breach of the contract of carriage. See **Exhibit 4** ¶7 and p. 8 (IV. CAUSE OF ACTION FOR BREACH OF CONTRACT OF CARRIAGE).

Evolution and Phreight seek removal to the District of Puerto Rico, the District in which the State Court action is now pending. This Notice of Removal is filed within thirty (30) days of service of process of the Complaint and Summons on both defendants and is accordingly timely filed.

Following the filing of this Notice of Removal with the Court, written notice of the filing of the same will be provided to the attorney for the Plaintiff, as required by law.

Following the filing of this Notice of Removal with this Court, a true and accurate copy of the same will be filed with the Clerk of the Puerto Rico Court of First Instance, San Juan Part, as required by law.

Pursuant to 28 USC § 1446(a) attached to this Notice of Removal as **Exhibits 1** through **6** are true, correct and legible copies of all process and pleadings served on Evolution and Phreight in this action. No previous application for relief sought herein has been made to this Court or to any other Court.

### IV. ARGUMENT

**A. This Court has Original Jurisdiction Pursuant to 28 USC § 1337**

The Harter Act, also known as the Harter Act of 1893, is a federal statute enacted by Congress to regulate the responsibilities and liabilities of carriers engaged in maritime commerce. The Act provides a comprehensive framework for the carriage of goods and imposes specific obligations on carriers. These obligations include requirements relating to the proper care, custody, and delivery of cargo.

Congress comprehensively legislated the rights and liabilities of ocean-going carriers and shippers through the Harter Act. Commonwealth Petrochemicals, Inc. v. S/S P.R., 607 F.2d 322, 324 (4th Cir. 1979). "[T]he law applicable *ex proprio vigore* to coastwise traffic, that is, maritime traffic between ports in the

5

United States and Puerto Rico, is the Harter Act". See <u>Fireman's Ins. Co.</u> at 954. By its terms, Harter Act is federal legislation governing a shipper's custody of property. It "applies to a carrier engaged in the carriage of goods to or from any port in the United States." 46 USCS § 30702(a). A suit by a cargo owner against a carrier for lost goods is in effect governed by the Harter Act. See <u>Nemcik v. Olympo Transp. Co.</u>, 785 F. Supp. 20 (D.P.R. 1991). Hence, this action could have been brought originally in federal court and removal was proper. <u>Uncle Ben's Int'l Div. of Uncle Ben's, Inc. v. Hapag-Lloyd Aktiengesellschaft</u>, 855 F.2d 215 (5th Cir. 1988).

Plaintiffs' civil action for breach of a contract of carriage of goods between California and Puerto Rico arises under the Harter Act and this Court thus has jurisdiction pursuant to 28 U.S.C. § 1337, insofar as plaintiff's action arises under "an Act of Congress regulating commerce."

Plaintiffs' characterization of their claim is not conclusive, and it is not essential that the federal statutes appear cited in the complaint. <u>Uncle Ben's v. Hapag-Lloyd Aktiengesellschaft</u>, 855 F.2d 215 (5th Cir.1988). (Because action could have been brought originally in Federal court, it was therefore properly removed under *28 USC §§ 1337* and *1441*. It is irrelevant that Plaintiff's Complaint did not refer to any Federal statute); see also <u>Modern Office Sys. Inc.</u> at 621 (Even if plaintiff chose not to identify

its action as arising under an act of Congress regulating commerce, said statutes govern). Plaintiff states in the Complain that its causes of action for stolen cargo is governed by Art. 281 of the Puerto Rico Commerce Code, 10 LPRA sect. 1785. See **Exhibit 4** ¶ 7. However, the pleadings clearly state that the cargo was stolen in the mainland United States, where the Puerto Rico Commerce code does not apply as it does not have extraterritorial effect. In addition, the pleadings clearly frame a cause of action that falls within the purview of the Harter Act. In cases like this for cargo damage or loss in breach of a contract of carriage of goods, the Harter Act and the Carriage of Goods by Sea Act of 1936 ("COGSA") - which is the Harter Act equivalent for transportation of goods from or to a foreign port - preempt state law. See Seafarers, Inc. v. King Ocean Servs. Ltd., No. 15-Civ-20834-COOKE/TORRES, 2015 U.S. Dist. LEXIS 69641 (S.D. Fla. May 29, 2015); Ochi Farms, LLC v. King Ocean Servs., Ltd., No. 1:22-cv-21632-KMM, 2022 U.S. Dist. LEXIS 241658 (S.D. Fla. Oct. 25, 2022); Wemhoener Pressen v. Ceres Marine Terminals, Inc., 5 F.3d 734, 740 (4th Cir. 1993)(COGSA preempts state common law claims relating to goods subject to a bill of lading which are lost or damaged prior to delivery.); Pasztory v. Croatia Line, 918 F. Supp. 961 (E.D. Va. 1996).

Based on the foregoing, this court has original jurisdiction of this claim pursuant to 28 USC § 1337 for alleged loos of cargo carried under a bill of lading, which may be removed to federal

court as per 28 USC § 1441.

**WHEREFORE,** Evolution and Phreight give notice of removal of the state action pursuant to 28 U.S.C. §§ 1441(a) and 1446.

**RESPECTFULLY SUBMITTED** in San Juan, Puerto Rico, this 15th day of June, 2023.

**CASTAÑER & CÍA P.S.C.**
MAI Center
771 Cll 1, Ste 204
San Juan PR 00920
Tel. (787) 707-0802
alberto@castanerlaw.com


**By:s/**Alberto Castañer
 **Alberto J. Castañer**
 **USDC-PR No. 225706**

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that pursuant to Fed. R. Civ. P. 5(b)(1), on this same date a true and exact copy of this filing was sent by e-mail to counsel for Plaintiff, Fernando Echegaray, Esq. at lcdo.echegaray@gmail.com, and Ricardo Ortiz, Esq. at ortizcolonricardo@gmail.com. I further certify that this filing has been filed in the Court of First Instance through SUMAC – the state court equivalent of CM/ECF – which will give notice to counsel for plaintiff.

**By: s /** Alberto Castañer
 **Alberto J. Castañer-Padró**